United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Capitol Specialty Insurance Corp., Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 18-24096-Civ-Scola ) |
| Pablo Rubio Ortiz, by and through his next friend and wife Beatriz Lara Corona, and others, Defendants. | ) ) ) ) |

**Order Staying Case**

This matter is before the Court upon an independent review of the record. Plaintiff Capitol Specialty Insurance Corp. ("Capitol Specialty") brings two counts for declaratory relief seeking a determination of its duty to defend or indemnify certain defendants in a personal injury action currently pending in Florida state court (the "State Case"). (ECF No. 1.) On November 20, 2018, the Court accepted intra-district transfer of this case (the "Second Case") from Judge Ungaro due to its close relation to an earlier case dismissed by this Court, (the "First Case," No. 17-cv-23329). (ECF No. 32.) After reviewing the record in the First Case and the Second Case, and considering the previous conduct of certain Defendants in the State Case, the Court **stays** and **administratively closes** this case.

1. **Factual Background**

Capitol Specialty brought the First Case on September 1, 2017, seeking a declaration that a policy (the "Policy") it issued to Defendant Venetian by Luxcom, LLC ("Luxcom"), does not afford coverage for the damages claimed in the parallel State Case brought against it and Defendant Francisco Lara ("Lara") by the other Defendants in this case, Pablo Rubio Ortiz, by and through his next friend and wife Beatriz Lara Corona; Jovani Rubio Lara, by and through his next friend and mother Beatriz Lara Corona; and Beatriz Lara Corona (the "Ortiz Defendants"). (First Case, ECF No. 1.) In particular, the Plaintiff alleged that it had no duty to defend or indemnify Defendants Luxcom or Lara in the State Case, based on the claims and allegations made in the State Case complaint. (*Id.* at ¶¶ 16-23, 34-35.)

On October 11, 2017, the Ortiz Defendants filed an amended complaint in the State Case. (First Case, ECF No. 9-2.) Capitol Specialty subsequently amended its complaint in this federal action to request a declaration of liability

under the Policy as to the amended allegations and claims in the State Case. (First Case, ECF No. 9.)

On December 5, 2017, the Ortiz Defendants filed a second amended complaint in the State Case. The Court then granted Capitol Specialty leave to file a second amended complaint in the First Case. (First Case, ECF Nos. 21-23.) Defendants filed motions to dismiss the second amended complaint, which were denied on April 19, 2018, based on the Court's finding that Capitol Specialty "has no duty to defend or indemnify under the [P]olicy it issued to Defendants Luxcom and Lara based on the allegations in the underlying [second amended] state court complaint." (First Case, ECF No. 57 at 8.) Based on that finding, the parties were ordered to show cause as to why judgment should not be entered in favor of Capitol Specialty in the First Case. (*Id.*)

On April 25, 2018, before the parties submitted briefing on the order to show cause, the Ortiz Defendants filed a third amended complaint in the State Case, which amendments contradicted allegations made in earlier pleadings in the State Case that this Court relied on in denying the Defendants' motions to dismiss. (*Compare* First Case, ECF No. 57 at p. 7 *and* First Case, ECF No. 23-2 at
¶ 9 *with* First Case, ECF No. 65-1 at ¶ 9.)

The Court held oral argument on the order to show cause on August 23, 2018, during which time the parties represented that the Ortiz Defendants had filed a fourth amended complaint in the State Case. On August 24, 2018, the Court found that the third and fourth amended complaints in the State Case mooted Capitol Specialty's requested declaration in its second amended complaint and dismissed of the First Case without prejudice. (First Case, ECF No. 74.) That order instructed Capitol Specialty to file a separate action if it "wishes to contest its obligations relating to the Fourth Amended Complaint." (*Id.* at p. 3.)

Capitol Specialty filed the Second Case on October 4, 2018, seeking nearly identical relief but with respect to the claim asserted in the fourth amended complaint in the State Case. The docket sheet in the Second Case reflects that the Ortiz Defendants, Luxcom and Lara have moved to dismiss. (Second Case, ECF Nos. 26, 28.) Also pending in this case is a motion to stay filed by Capitol Specialty. (ECF No. 29.) That motion requests a stay of all issues related to Capitol Specialty's duty to indemnify until final judgment is entered in the State Case. (ECF No. 29 at pp. 3, 6 (arguing that the request stay would "promote efficiency of judicial resources").) The Defendants oppose the requested stay for undisclosed reasons.

## 2. Legal Standard

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *U.S. v. McIn re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.) So long as a stay is neither "immoderate" nor indefinite, a stay is appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided that a stay will expire within reasonable limits, if it is not immoderate).

## 3. Analysis

The Southern District of Florida has one of the busiest dockets in the country. *Kalb v. Marriott Int'l, Inc.*, No. 17-cv-20904, 2017 WL 6565243, at *4 (S.D. Fla. Oct. 5, 2017) (Scola, J.); *Fontaine v. Signature Research, Inc.*, No. 14-cv-24028, 2016 WL 880527, *8 (S.D. Fla. Mar. 8, 2016) (Gayles, J.). Mindful of that fact, the Court must fairly and efficiently allocate its limited time and resources amongst the numerous parties with cases pending before it.

The Court expended significant judicial effort to resolve the First Case, only to see that effort squandered by less than diligent prosecution in the First Case and questionable litigation tactics in the State Case. A year has passed and the procedural posture of this case remains unchanged. This is not Groundhog Day and the Court will not engage again in a game of "cat and mouse" between state and federal forums. Considerations of judicial economy and fairness to all litigants before this Court dictate that the best course is to stay this case. *See Fondo de Proteccion Social de los Depositos Bancarios v. Diaz Reus & Targ, LLP*, No. 16-cv-21266, 2016 WL 10952495, *1 (S.D. Fla. Dec. 29, 2016) (Torres, Mag. J.) ("Federal district courts routinely exercise the power to stay a proceeding where a stay would promote judicial economy and efficiency."); *cf. Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (noting that federal courts may enter a stay in favor of a parallel state case on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.") (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Thus, the Court orders that this case is **stayed** and **administratively closed** until this earliest of (1) the entry of final judgment in the State Case, or (2) the passage of the deadline to amend pleadings in the State Case, whether by operation of law, order of the state court, or agreement by parties to the State Case. Upon the occurrence of either of those events, the parties must promptly notify the Court and move to reopen this case. In the meantime, the Defendants

shall file with the Court a report detailing the status of the State Case every 90 days from the date of this order. The Court directs the **Clerk** to **administratively close** this case. All pending motions are **denied without prejudice** and may be refiled after this case is reopened.

**Done and ordered**, in chambers, in Miami, Florida, on November 26, 2018.

_____
Robert N. Scola, Jr.
United States District Judge